# Haddock's Appeal.

A testator bequeathed to his granddaughter $3000, payable to her when she arrived at age, and charged the legacy upon his real estate, of which his son, the testamentary guardian of the granddaughter was residuary devisee—and the interest of the legacy at one *per centum per annum*, was to be paid to her guardian for her "incidental expenses." And as a further provision for the legatee during her minority, "I charge it upon my wife and my son Job the bringing of her up, and in all things due care and attention to her education, clothing, &c., until she arrives at the age of twenty-one years."

*Held*, that no part of her support and education could properly be charged against the fund set apart for her incidental expenses.

The testator regarding the legacy as *cash* in the hands of the residuary devisee and guardian, intended that 5 *per centum* of the legal interest should be consumed in her support and education, and that the one per centum should be paid to her for *pin-money*, or "incidental expenses."

APPEAL from the Orphans' Court of *Delaware county*.

Caleb Perkins made his last will and testament on the 24th March, 1841, and died shortly afterwards. The will contained the following bequest:—"Item, I give and bequeath to my grand-daughter, Mary L. Tyson, the sum of $3000 *cash*, to remain in my landed estate until she becomes of lawful age, at an interest of one per cent. per annum, the interest whereof to be paid to her guardian annually for her incidental expenses until she becomes of age; said interest to commence within one year of my decease. And the principal to be paid to her by my executors, through her guardian, when she becomes of lawful age. And I hereby nominate and request that my son Job be appointed her guardian. And I further provide, if it should be the will of an all-ruling Providence that she should not live to heir it, then and in that case her legacy, both principal and interest, upon her demise, shall go back to my legal heirs. And as a further provision for my grand-daughter Mary L. Tyson, during her minority, I charge it upon my wife and my son Job the bringing of her up, and in all things due care and attention to her education, clothing, &c., until she arrives at the age of twenty-one years." After making sundry other bequests, he gave the residue of his estate, real and personal, to his son Job Perkins, and appointed him and testator's brother, Reece Perkins, executors of his said will.

Job Perkins acted under the will of his father as testamentary

guardian for Mary L. Tyson, from the death of the testator until 1851, when he filed an account and was discharged by the Orphans' Court, and Edward Tyson was appointed guardian in his stead. Job Perkins died in 1854, and his wife Mary Ann Perkins and John C. Miller were his executors. In the account filed, Job Perkins charged himself with the legacy of $3000, and the interest of *one per centum* on it for ten years, amounting to $300. On the other side of his account he claimed credit as follows: "By cash laid out and expended by said guardian annually for ten years, for the incidental expenses of said minor, including boarding, clothing, schooling, &c., $300." Mary L. Tyson was married to Haddock, and at May Term, 1855, presented her petition to have the account reformed and the credit of $300 stricken out. A citation was awarded to the executors of the guardian Job Perkins, deceased, who appeared and resisted the application. An auditor was appointed and he filed his report, sustaining the credit as claimed in the account; and his report on exceptions filed thereto was confirmed by the Orphans' Court. And thereupon this appeal was taken by Mrs. Haddock.

*C. D. Manley*, for appellant.

*E. Darlington*, for appellees.

The opinion of the court was delivered by

WOODWARD, J.—The guardian was right in charging himself with the one per cent. upon the legacy, amounting in ten years to $300, but was he right in claiming credit for the same amount laid out and expended for the incidental expenses of his ward, including boarding, clothing, schooling, &c.? This is the question upon the record. The testator's will gave the appellant a legacy of $3000, payable when she should become of age, and charged it as so much cash upon his estate, of which his son Job Perkins was made residuary devisee. He made Job also testamentary guardian of the legatee, and authorized him to apply annually one per cent. of the legacy for the "*incidental expenses*" of the young lady. That this expression did not include the cost of supporting and educating her is proved by the subsequent language of the testator where he said, "and as a further provision for my granddaughter, Mary L. Tyson, during her minority, I charge it upon my wife and my son Job the bringing of her up, and, in all things, due care and attention to her education, clothing, &c., until she arrives at the age of twenty-one years." This *further* provision was very comprehensive, and included all the substantial necessaries of the young lady. No part of her support and education could properly be charged against the fund set apart for her incidental expenses.

Regarding her legacy as cash in Job's hands, the testator doubt-

[Haddock's Appeal.]

less considered that 5 per cent. of the legal interest upon it would be consumed in her support and education, and that she would need a little pin-money for incidental expenses, which the one per cent. would be sufficient to supply. He meant this should go to her use as money.

He knew well enough that in these times some money in the purse was necessary to the happiness of a young lady, and the more liberally he provided for her clothing and education, the more indispensable would that fund become for incidental expenses. They could not be specified. If the guardian paid her the $30 a year, or any part of it, he would be entitled to credit for it. If he did not, he should account for it. He was not to keep an account of her incidental expenses, but to pay her so much money, and let her use it for her incidental expenses. If he withheld it, or she forbore to use it, the more reason has she to claim the enjoyment of it now. The testator contemplated the possibility of its not being applied to incidental expenses, for he bequeathed it over, in case of her death before twenty-one, but the fund, whatever it is, belongs to her, and the account should be so reformed as to make the guardian responsible for it.

It is proper to add that Judge BLACK, who sat in the argument, concurred in this conclusion.

And now, to wit, 6th May, 1857, it is considered and adjudged that the decree of the court, confirming the auditor's report, be reversed, and that the credit of $300, claimed by the accountant, for the boarding, schooling, clothing, &c., of the minor, be stricken out, and that the account, thus reformed, be confirmed.

LOWRIE, J., and KNOX, J., dissented.